IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,

       Plaintiff,              No. CIV S-08-1610 GGH P

   vs.

J. WALKER, Warden, et al.,

       Defendants.      <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff has consented to the jurisdiction of the undersigned.  See docket entry # 5.

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. § 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

1  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2         The court is required to screen complaints brought by prisoners seeking relief

3  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

5  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

6  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

7  U.S.C. § 1915A(b)(1),(2).

8         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

10  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989); Franklin, 745 F.2d at 1227.

15         A complaint must contain more than a "formulaic recitation of the elements of a

16  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

17  speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

18  "The pleading must contain something more...than...a statement of facts that merely creates a

19  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

20  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

21  standard, the court must accept as true the allegations of the complaint in question, Hospital

22  Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

23  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

24  McKeithen, 395 U.S. 411, 421 (1969).

25         Plaintiff, claiming to be a Coleman class member and naming as defendants,

26  Warden J. Walker, Chief Psychologist K. Kelly and Senior Psychologist H. Ramming, alleges

2

1   that the Step Incentive Program for inmates within the psychiatric services unit at CSP[1]-

2   Sacramento unduly restricts his rights to, for example refuse psychiatric medication.  Plaintiff

3   further contends that he is subjected to a deprivation of his right to the free exercise of religion

4   and that he is subjected to unsanitary living conditions.  Plaintiff seeks both money damages and

5   injunctive relief.   See Complaint, pp. 1-18.

6           Plaintiff also expressly states, at the time of filing this complaint, on July 14,

7   2008, he had yet to exhaust administrative remedies: "[p]laintiff is in the process of exhausting

8   his administrative remedies.  (On July 1, 2008, he filed a wasted inmate appeal to satisfy the

9   court's exhaustion requirement...) ... Plaintiff will immediately notify the court and file an

10  amended complaint once all available administrative remedies have been exhausted."  Compl., p.

11  3.

12          By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42

13  U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions

14  under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

15  prison, or other correctional facility until such administrative remedies as are available are

16  exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about

17  prison life, whether they involve general circumstances or particular episodes, and whether they

18  allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct.

19  983, 992 (2002).

20          Exhaustion of prison administrative procedures is mandated regardless of the

21  relief offered through such procedures.  Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819,

22  1825 (2001).  Courts may not read futility or other exceptions into the statutory exhaustion

23  requirement of the PLRA.  Id. at 741, 121 S.Ct. at 1825 n.6.

24          In order for California prisoners to exhaust administrative remedies, they must

25

26          [1] California State Prison.

proceed through several levels of appeal:  1) informal resolution, 2) formal written appeal on a
CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4)
third level appeal to the Director of the California Department of Corrections.  Barry v. Ratelle,
985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. xv, § 3084.5).  A final
decision from the Director's level of review satisfies the exhaustion requirement.  Id. at 1237-38.

        In this case, plaintiff informs the court that he commenced the grievance process
(on July 1, 2008), some two weeks before filing this action (on July 14, 2008).   It is simply not
enough for plaintiff to have initiated the administrative grievance process, no matter how
skeptical he is of the outcome, just prior to filing his complaint in federal court.  Nor is it
adequate to inform the court of any administrative exhaustion that might occur subsequent to his
having filed the civil rights complaint, as 42 U.S.C. § 1997e(a) provides that no action shall be
brought with respect to prison conditions *until* such administrative remedies as are available are
exhausted.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).  If the court concludes that the
prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim
without prejudice."  315 F.3d at 1120.

        Plaintiff has flatly conceded that he failed to exhaust administrative remedies
prior to the filing of this action.  Thus, the complaint must be dismissed.  Wyatt v. Terhune, 315
F.3d 1108, 1120 (9th Cir. 2003) ("[a] prisoner's concession to nonexhaustion is a valid ground
for dismissal...")   This case will be dismissed without prejudice to the filing of a new civil rights
action after the grievance process has been completed.  Because the court has found that this
action must be dismissed, the undersigned will deny as moot plaintiff's motion for preliminary
injunctive relief.  Plaintiff is informed that a new action brought after exhaustion is complete
should not bear the case number assigned to this action and should be accompanied by a properly
completed application to proceed in forma pauperis.

        Accordingly, IT IS HEREBY ORDERED that:

        1.  Plaintiff's request for leave to proceed in forma pauperis is granted;

1

2        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

3  The fee shall be collected and paid in accordance with this court's order to the Director of the

4  California Department of Corrections and Rehabilitation filed concurrently herewith;

5        3.  This action is dismissed without prejudice for failure to exhaust available

6  administrative remedies before bringing the action; and

7        4.  Plaintiff's motion for preliminary injunction, filed on 7/14/08 (# 3), is denied

8  as moot.

9  DATED: 10/01/08               /s/ Gregory G. Hollows

10                      UNITED STATES MAGISTRATE JUDGE

11  GGH:009
hick1610.ord

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26